UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MICHAEL ECKSTEIN                          CIVIL ACTION


VERSUS                                    NO: 07-4567


FIDELITY NATIONAL PROPERTY                SECTION: "J" (4)
AND CASUALTY INSURANCE
COMPANY



**ORDER AND REASONS**

Before the Court is the defendant's  re-urged **Motion for
Summary Judgment** (Rec. Doc. 33).In connection with the Motion for
Summary Judgment the plaintiff has filed a **Motion to Strike** (Rec.
Doc. 41) the affidavit of Deborah Price that is attached as an
exhibit to the defendant's motion. Having considered the motions
and legal memoranda, the record, and the law, the Court finds
that Defendant's **Motion to Strike** (Rec. D. 41) is **DENIED** and the
**Motion for Summary Judgment** (Rec. Doc. 33)is **GRANTED.**

## BACKGROUND

This is a Hurricane Katrina case in which the plaintiff is seeking additional payments on his flood policy. The policy was issued by Fidelity National Insurance Company ("Fidelity"), in its capacity as a Write-Your-Own ("WYO") Program insurance carrier. The insurance policy is a Standard Flood Insurance Policy ("SFIP"). The policy applied to the property located at 7035 Birch Street in New Orleans and included building limits of $250,000 and contents coverage of $100,000. After the plaintiff filed a claim with Fidelity, an independent adjuster from Colonial Claims Corporation was assigned to the plaintiff's claim. The independent adjuster determined that the plaintiff was due $138,868.76 under the building coverage and $100,000 under contents coverage. These amounts were paid by Fidelity. In an effort to recover additional insurance proceeds the plaintiff filed suit in state court on October 2, 2006. That case was removed to this Court and was docketed under case number 07-581 before Judge Lemelle. On August 6, 2007 the plaintiff moved for and Judge Lemelle granted a dismissal of the plaintiff's claims without prejudice. Subsequently, plaintiff filed the complaint in this case on August 28, 2007.

## LEGAL STANDARDS

**Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

## DISCUSSION

**A. The Parties' Arguments**

Motion for Summary Judgment

The defendant has filed this motion for summary judgment arguing that the plaintiff has not complied with the mandatory prerequisites to filing suit that are required by the SFIP because the plaintiff has failed to provide the defendant with a proper proof loss and has failed to provide documentation

to support his claim for additional insurance proceeds.  More specifically, the defendant contends that the plaintiff has failed to comply with Article VII(J)(3) and (4) subpart (f) of the SFIP which require the plaintiff to provide proper documentation of his loss.  Also, the defendant asserts that the plaintiff has failed to comply with Article VII(J)(4) which requires the submission of a timely signed and sworn proof of loss, as defined in the policy.  Additionally, the plaintiff has alleged state law claims for penalties, attorney's fees, and interest relating to the handling of his claim.  Fidelity argues that these state law claims are preempted.

The Plaintiff has filed an opposition to the motion for summary judgment making several arguments.  First, he argues that despite a waiver of the proof of loss requirement and Fidelity's failure to inform the plaintiff of the waiver of the proof of loss requirement, the plaintiff did in fact submit a proper proof of loss.  Second, the plaintiff contends that he provided Fidelity's adjuster with all of the additional documents that were requested to supplement his claim, including various invoices.  The plaintiff forwarded to Fidelity numerous contractor reports and estimates in support of his claim.  Also, the plaintiff asserts that he requested a reinspection or

readjustment of Fidelity's initial adjustment of his claim prior

to filing suit.  That request was denied by Fidelity.  The

plaintiff further argues that Fidelity never informed him that

failure to follow the policy would prevent him from suing for

additional payment, and submits that this argument on behalf of

Fidelity was "at best an afterthought, manufactured during this

litigation by Fidelity's counsel."  Mem. in Opp., Rec. D. 35.

Next, the plaintiff submits that a fair reading of the policy

indicates that once Fidelity rejects his submitted proof of loss

he is entitled to file suit.  The plaintiff also argues that the

policy language is ambiguous with regards to what constitutes a

proof of loss.  Additionally, the plaintiff contends that

Fidelity's argument goes to the weight of the evidence and that

the substantive dispute regarding damages is not ripe for summary

judgment because "there is a very real dispute about the amount

of damages covered by the flood policy."  Id.  Last, the

plaintiff argues that the federal government has not been

prejudiced by the plaintiff's actions before the suit and that

Fidelity's argument that they are attempting to protect federal

funds is disingenuous.

In response, Fidelity filed a reply memorandum to argue

that the plaintiff was reminded on numerous times that in order

to pursue a supplemental claim he needed to submit an adequate proof of loss and documentation to support the supplemental claim.  Fidelity also asserts that it is not Fidelity's role to warn the plaintiff about the provisions of his policy and that the plaintiff is charged with knowing the provisions and requirements of the policy.  The policy expressly conditions the right to sue on certain prerequisites and the plaintiff did not fulfill those requirements prior to filing this suit.

Subsequently, the plaintiff filed a supplemental memorandum following an unsuccessful settlement conference.  The supplemental memorandum argues that Fidelity mistakenly believes that the proof of loss signed by the plaintiff on December 14, 2006 was the only proof of loss submitted by the plaintiff.   To the contrary, the plaintiff contends that he hired Ted Hamilton, and independent adjuster with Balance Loss Consulting, LLC, to provide an independent adjustment of the property.  At some point, the plaintiff, Ted Hamilton, and Mike Maggard, an adjuster representing Fidelity, met at the plaintiff's property.  During that meeting Maggard had the plaintiff and Hamilton sign Hamilton's adjustment swearing to its accuracy.  Maggard, Fidelity's representative took the signed adjustment with him. Additionally, after this meeting Maggard asked the plaintiff to

provide him with pictures of the property.  Later, on several

occasions Maggard requested that the plaintiff provide him with

another copy of the Hamilton adjustment.  The plaintiff believes

that Maggard lost the signed and sworn copy of that adjustment

and that this is why Fidelity believes that he did not provide

and adequate proof of loss.  The plaintiff argues that the signed

version of the Hamilton adjustment meets the SFIP requirements

for a proper proof of loss.

The plaintiff also submitted a surreply memorandum in

response to Fidelity's reply memorandum.  In it the plaintiff

argues that as stated in his supplemental memorandum he did

submit a proper proof of loss to Fidelity's representative Mike

Maggard.  Maggard is the only Fidelity representative who

actually inspected the plaintiff's property.  The plaintiff again

asserts that the signed Hamilton adjustment meets all of the

requirements for a proper proof of loss.

Finally, Fidelity submitted a second reply memorandum

to respond to the plaintiff's supplemental memorandum.  Fidelity

asserts that the plaintiff incorrectly stated in the supplemental

memorandum that the only grounds that Fidelity had asserted for

granting summary judgment was the lack of a proper proof of loss.

Fidelity clarifies that it is also arguing that the plaintiff has

not provided the necessary documentation to support the claim, as required by the policy.  Additionally, Fidelity contends that the settlement conference proceedings are not relevant to this motion.

   Motion to Strike

      The plaintiff has also filed a Motion to Strike the affidavit of Deborah Price which is attached as Exhibit A to Fidelity's motion for summary judgment.  Rec. D. 19.  The plaintiff argues that the affidavit should not be considered by the Court because it fails to comply with Federal Rule of Civil Procedure 56(e) and violates Federal Rules of Evidence 701 and 1001 through 1003.  The plaintiff contends that the affidavit violates Rule 56(e) and Rule 701 because it consists of unqualified expert testimony that asserts conclusions of law and interprets federal law and contractual obligations.  The plaintiff further asserts that the affidavit violates Rules 1001 through 1003 because it attempts to prove the contents of a writing, that writing being the SFIP.  Finally, the plaintiff also argues that Price does not have personal knowledge of the information contained in the affidavit related to the plaintiff's claim.  Price is a Vice President of Claims for Fidelity.  The affidavit does not explain how she has knowledge of the

plaintiff's claim or how she was involved with the claim. Additionally, Price has submitted identical affidavits in several other cases where Fidelity has moved for summary judgment. The plaintiff contends that Price only has knowledge of this particular case based on a cursory review of Fidelity's claims file. Plaintiff also argues that the affidavit should be excluded because it mostly consists of opinions and legal conclusions.

In opposition to the motion to strike, Fidelity argues that Price swore in the affidavit that she has personal knowledge of all matters contained in the affidavit and that her in court testimony regarding those matters would be the same. The plaintiff offers no evidence to support his argument that the affidavit is based on a cursory review of the claim file or that Price does not have personal knowledge of the claim. Finally, Fidelity argues that the sections of the affidavit that the plaintiff contends are nothing more than opinions and legal conclusions provide the foundation for Price's statements regarding the plaintiff's specific claim. Price is competent and has personal knowledge of the claim through her position with Fidelity.

**B. Analysis**

Motion to Strike

As a preliminary matter the Court must decide whether to consider the affidavit of Deborah Price, attached to the defendant's motion for summary judgment as exhibit A, which has been challenged by the plaintiff. Federal Rule of Civil Procedure 56(e)(1) provides "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." The plaintiff here argues that the affiant, Deborah Price does not have personal knowledge of his claim. Further, he argues that she provides a non-expert opinion that is not admissible under Federal Rule of Evidence 701. Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in

issue, and (c) not based on scientific, technical, or
other specialized knowledge within the scope of Rule
702.

Finally, the plaintiff contends that certain statements
contained in the affidavit should be disregarded because they are
nothing more than an attempt to prove the content of a writing,
in this case, the SFIP, and thus violate Federal Rules of
Evidence 1001, 1002, and 1003.

Defendant's **Motion to Strike** is **DENIED**.  Ms. Price is a Vice
President of Claims for Fidelity and has represented that she has
personal knowledge of all matters attested to in the affidavit.
Ex. A, Rec. D. 19.  The plaintiff has provided no evidence to
support his contention that Price does not have personal
knowledge of this claim and has not demonstrated why a Vice
President of Claims would not have personal knowledge of the
claim.  Furthermore, Price does not provide expert opinion.  Her
affidavit does include statements regarding SFIP policies,
however those are provided for context to explain why Fidelity
took certain actions in regards to the plaintiff's claim.

Motion for Summary Judgment

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).

Fidelity seeks summary judgment based on two arguments. First, in regards to the plaintiff's claims for additional payments Fidelity argues that the plaintiff is not entitled to any additional payments because he has not filed a proper proof of loss and has not provided documents to support his claim, as required by the policy. Second, Fidelity argues that the plaintiff's state law claims are preempted.

Under FEMA regulations, strict adherence is required to all terms of the SFIP. 44 C.F.R. §§ 61.13(a), (d), (e). The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing ... (1) "the actual cash value ... of each damaged item of insured property ... and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due

under [the] policy to cover the loss...." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3); Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998). Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a proof of loss prior to receiving insurance proceeds. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. If the insured disagreed with the adjuster's report, a Proof of Loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss ... The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim.

Id.

The requirements for submitting a proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

a. The date and time of loss;

b. A brief explanation of how the loss happened;

c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

d. Details of any other insurance that may cover the loss;

e. Changes in title or occupancy of the covered property during the term of the policy;

f. Specifications of damaged buildings and detailed repair estimates;

g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h. Details about who occupied any insured building at the time of the loss and for what purpose; and

i. The inventory of damaged personal property described

    in J.3. above.

    As the provisions of an insurance policy issued pursuant to

a federal program must be strictly construed and enforced, an

insured's failure to provide a complete, sworn proof of loss

statement, as required by the flood insurance policy, relieves

the federal insurer's obligation to pay what otherwise might be a

valid claim.  <u>Gowland v. Aetna</u>, 143 F.3d 951, 954 (5th Cir.

1998).

    In <u>Gowland</u>, the Court stated "it is clear that giving notice

of loss and providing a sworn proof of loss statement are

separate and distinct requirements of the policy." <u>Id.</u> at 954.

Although the Gowlands provided notice of loss through their

agent, they never filed a formal proof of loss statement as

required by the flood policy.  <u>Id.</u>  As a result, the court

affirmed the grant of the insurer's motion for summary judgment.

    Most recently, the Fifth Circuit in <u>Marseilles Homeowners</u>

<u>Condominium Association, Inc. v. Fidelity National Insurance Co.</u>

similarly held that because the plaintiff in that case failed to

submit a sworn proof of loss within one year of the date of the

loss, the suit was precluded as a matter of law.  542 F.3d 1053,

1056 (5th Cir. 2008).

Fidelity contends that the plaintiff has not filed a proper proof of loss. The plaintiff in this case did sign a proper proof of loss on December 14, 2006. The plaintiff states in his opposition memorandum that Fidelity had him sign this proof of loss on that date. Neither party explains why a proof of loss was signed on December 14, 2006. However, it is clear that a proof of loss signed on December 14, 2006 was not submitted within one year of the date of the loss as allowed by the waiver issued by FEMA following Hurricane Katrina. As such, this document cannot serve as a proof of loss to meet the SFIP's prerequisite for filing suit.

The plaintiff also argues that at some point he met at his property with Ted Hamilton, the independent adjuster that he had hired, and Mike Maggard, Fidelity's representative who was adjusting his claim. At that time the plaintiff claims that Maggard had him and Hamilton sign a copy of Hamilton's adjustment to swear to its accuracy. Maggard, as Fidelity's representative, retained a signed copy of Hamilton's adjustment. The plaintiff argues that this signed adjustment qualifies as a proper proof of loss to support his claim for additional payments under the policy. The plaintiff has not produced a copy of this signed adjustment and Fidelity has made no argument regarding this

16

alleged signed adjustment.  The plaintiff claims that Maggard or

Fidelity lost the signed adjustment and that this is why Fidelity

now argues that the plaintiff has never submitted a proper proof

of loss.  There are two problems with the plaintiff's position.

First, nowhere in the plaintiff's briefing or attached affidavit

relating to this adjustment does the plaintiff state on what date

he purportedly signed the adjustment.  The date on which the

adjustment was signed and given to Maggard as Fidelity's

representative is significant because the plaintiff was required

to submit a proper proof of loss within one year of the date of

his loss.  Second, the plaintiff attaches a copy of this

adjustment, without the signatures, as an exhibit to his

affidavit.  Ex. A, Rec. D. 48.  The attached adjustment does not

meet the specifications discussed above for a proper proof of

loss because it lacks a statement of the plaintiff's interest and

the interest, if any, of others in the damaged property, details

of any other insurance that may cover the loss, changes in title

or occupancy of the covered property during the term of the

policy, names of mortgagees or anyone else having a lien, charge,

or claim against the insured property, and details about who

occupied any insured building at the time of the loss and for

what purpose.  Since the adjustment that the plaintiff contends

constitutes a proper proof of loss does not contain the

information specified in 44 C.F.R. Pt. 61, App. A(1), Art.

VII(J)(4) as discussed above, it cannot be considered a proper

proof of loss even if it was signed and provided to Maggard

within one year of the date of the loss.  Since the plaintiff has

not strictly complied with conditions precedent contained in his

policy for filing this suit, the motion for summary judgment must

be granted and this case dismissed.    Finally, the plaintiff

has provided no argument in opposition to Fidelity's contention

that his state law claims for improper handling of the insurance

claim are preempted.  Both the Fifth Circuit and this Court have

recognized that state law claims, like those brought by the

plaintiff here, are preempted in the context of NFIP claims

handling disputes.  See <u>C.W. Gallup v. Omaha Prop. & Cas. Ins.</u>

<u>Co.</u>, 434 F. 3d 341, 345 (5th Cir. 2005); <u>Faust v. State Farm Fire</u>

<u>and Cas. Co.</u>, No. 06-8470, 2007 WL 1191163, at *2 (E.D. La. Apr.

20, 2007)(Vance, J.).

**CONCLUSION**

Summary Judgment is appropriate where there are no genuine

issues of material fact. Fed. R. Civ. P. 56(c).Plaintiff has

failed to allege facts sufficient to defeat Defendant's Motion

for Summary Judgment. Accordingly,

18

**IT IS ORDERED** that defendant's Defendant's **Motion for Summary Judgment** (Rec. Doc. 33) is **GRANTED.**

New Orleans, Louisiana, this 26th day of June, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE